UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT DUPAGE,

       Plaintiff,

v.                                             Case No. 10-cv-10868
                                           HON. MARK A. GOLDSMITH

MARK HACKEL, et. al.,

       Defendants.
_____/

**OPINION AND ORDER (1) ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE AND GRANTING THE DISPOSITIVE MOTIONS FILED BY DEFENDANTS CORRECTIONAL MEDICAL SERVVICES, INC. AND WILLIAM ASK; (2) DENYING PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO FILE AN ANSWER TO THE DISPOSITIVE MOTIONS AND TO FILE OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

      This matter is before the Court on the following motions: (i) motion for summary judgment by Defendant Correctional Medical Services, Inc. ("CMS") (Dkt. 25); (ii) motion to dismiss and/or for summary judgment by Defendant William Ash (Dkt. 29); (iii) Plaintiff's motion for enlargement of time to file an answer to these motions and to file objections to Magistrate Judge Mark Randon's Report and Recommendation ("R&R") (Dkt. 35), which recommends granting the Ash and CMS motions (Dkt. 37).  For the reasons that follow, the Court adopts the R&R, grants the dispositive motions and denies Plaintiff's motion to enlarge time.

**I.     Discussion**

This is a prisoner civil rights action under 42 U.S.C. §1983, in which Plaintiff Robert Lee Dupage claims he was deprived of his Eighth Amendment right to be free of cruel and unusual punishment while lodged as an inmate at the Macomb County Jail. The alleged injury occurred on May 1, 2008 when a jail elevator transporting prisoners, including Plaintiff, became stuck between floors. Plaintiff claims he was injured as a result of the elevator stoppage and the subsequent effort to remove Plaintiff and others from the elevator. In addition, according to Plaintiff, authorities failed to provide him with adequate medical care during the period of his incarceration at the jail. Proceeding pro se, Plaintiff filed this action on March 4, 2010. He sued, among others, William Ash – a jail officer who had allegedly disregarded policy and procedures by transporting too many inmates in the elevator – and CMS, the jail health care provider, which allegedly had failed to provide appropriate medical treatment to Plaintiff.

Defendant CMS filed its motion for summary judgment on November 10, 2010, while Defendant Ash filed his dispositive motion on November 18, 2010. On November 19, 2010, Magistrate Judge Randon, to whom all pretrial matters had been referred (Dkt. 21), issued an order requiring Plaintiff to file a response on or before January 7, 2011 (Dkt. 30). Plaintiff filed no response to either dispositive motion. On July 15, 2011 – some eight months after the filing of the motions – the Magistrate Judge issued the R&R. The R&R noted that Plaintiff had failed to respond to the motions, but nonetheless proceeded to address the merits of the dispositive motions, correctly observing that even unopposed dispositive motions may not be automatically granted. R&R at 5. During the course of the 13-page opinion, the Magistrate Judge carefully reviewed the case law on the duties imposed on jail officials under the Eighth Amendment, as well as the pleadings and evidence relied upon by the moving parties. Id. at 6-10.

The Magistrate Judge concluded that Plaintiff had failed to allege or demonstrate that Defendant Ash knew of the danger or specific risk of harm to Plaintiff that the elevator would get stuck. Id. at 10. Further, the Magistrate Judge reviewed the affidavits submitted, which demonstrated that all inmates were removed from the elevator without injury or even complaint of injury. Id. One affidavit recited that all inmates were asked if they wanted or needed medical attention after exiting the disabled elevator and all declined treatment – a fact corroborated by CMS's records and the absence of any complaints documented in Plaintiff's medical records. Id. at 10-11.

As for CMS, the R&R noted that the evidence submitted demonstrated that Plaintiff had not sought medical treatment on the day of the elevator mishap. In fact, during that initial period of incarceration, he had only sought medical attention on one occasion, and that was for his chronic hypertension condition – not for the pain in his hand and arm referenced in the complaint. When Plaintiff was incarcerated at the jail for an additional period after November 6, 2009 (following a period of incarceration with the Michigan Department of Corrections), Plaintiff's health assessment was determined to be normal by health officials at the jail. However, when Plaintiff complained of back, leg and arm pain, he was seen on the same day he lodged his request for treatment and was given medication for pain control. Id. at 11-12.

Based on the foregoing, the Magistrate Judge found no Eighth Amendment violation had been properly pled or substantiated either as to Ash or CMS. The Magistrate Judge noted that the Eighth Amendment prohibits "unnecessary and wanton infliction of pain," citing Ingraham v. Wright, 430 U.S. 651, 670 (1977), as well as "deliberate indifference" to an inmate's medical needs, citing Estelle v Gamble, 429 U.S. 97, 106 (1976). R&R at 12-13. He found neither standard met. Id.

This Court agrees. The R&R carefully reviewed the law and the evidence submitted and properly concluded that Plaintiff has failed to raise any factual issue supporting his claims. Therefore, the Magistrate Judge properly recommended that both the Ash and CMS motions be granted.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ.P. 72(b)(2), Plaintiff had 14 days from entry of the R&R to file any objections. This he failed to do, thereby waiving any further right of review. Thomas v Arn, 474 U.S. 140 (1985). However, on July 28, 2011, an attorney – appearing for the first time in this case on behalf of Plaintiff – filed a motion seeking an enlargement of time to answer the dispositive motions and to file objections to the R&R (Dkt. 37). The motion claims that "Plaintiff has not received any documents from the Court or opposing counsel in this matter; all correspondence was returned 'undeliverable.'" Pl. Mot. at 4. The motion claims that Plaintiff became aware of the summary judgment motions and the R&R after counsel investigated this matter and "recently obtained said pleadings and related filings." Id. In addition, the motion recites that Plaintiff was injured in a "care" (sic) accident on October 29, 2010 and hospitalized from October 29, 2010 through November 16, 2010, which allegedly disabled him from attending to his legal affairs or seeking counsel. Id. The motion argues that this constitutes excusable neglect under Fed. R. Civ. P. 6(b). Id. The motion also contends that CMS received a 60-day extension to file responsive pleadings, so "it is only fair that Plaintiff should be granted his request." Id.

Plaintiff's request for enlargement of time to file objections to the R&R must satisfy the standard of "good cause" because the request was made while Plaintiff still was entitled to file objections. Fed. R. Civ. P. 6(b)(1)(A). His request to enlarge time to answer the dispositive motions must satisfy the standard of "excusable neglect," because the request was made months

after the time to respond to the motions had expired.  Fed. R. Civ.P. 6(b)(1)(B).  Although there is no specific formula for determining good cause, in determining whether neglect is excusable, courts look to (i) the danger of prejudice to the nonmoving party, (ii) the length of the delay and its potential impact on judicial proceedings, (iii) the reason for the delay, (iv) whether the delay was within the reasonable control of the moving party, and (v) whether the late-filing party acted in good faith.  Nafziger v. McDermott Intern. Inc., 467 F.3d 514, 522 (6th Cir. 2006).

      The Court finds that the motion for enlargement fails to substantiate any good cause for additional time to file objections or excusable neglect for Plaintiff's failure to timely respond to the dispositive motions that would justify a grant of additional time to respond to them.  As an initial matter, the enlargement motion represents only the unsworn statement of an attorney; no affidavit from Plaintiff was filed.  Thus there is no evidentiary support for any of the contentions in the motion – including the particularly important contention as to Plaintiff having recently become aware of the dispositive motions – a defect that would weigh heavily in determining whether relief should be granted.  See Puglisi v. United States, 586 F.3d 209, 217 (2d Cir. 2009) (affirming denial of relief under 28 U.S.C. § 2255 because critical facts were contained in brief, not in party's affidavit, and "an attorney's unsworn statements in a brief are not evidence").

      Aside from the unsworn nature of the factual contentions, there is a pronounced ambiguity in the motion.  The date on which Plaintiff's counsel was retained is never mentioned.  Nor is any date set forth when Plaintiff or his counsel learned of the pending motions or the R&R.  A party seeking an enlargement of time must set forth the particular facts that make the case for such an enlargement.  See 4B Wright & Miller, Federal Practice and Procedure: Civil § 1165 at 521 (3d. ed. 2002) ("a party must demonstrate some justification for the issuance of the enlargement order").  Here, Plaintiff's motion leaves the Court guessing as to the critical time

frame when the pendency of the motions and the R&R was discovered by Plaintiff and his counsel.

To be sure, there is support in the docket that Plaintiff has not received certain documents filed in the action, because entries have been made indicating that certain mailings to him have been returned to the Court as "undeliverable." See Dkts. 21, 31, 32, 34 and 36. However, each of these mailings was to the addresses supplied by Plaintiff himself. As the R&R notes, it was Plaintiff's responsibility to keep his contact information current. Id. at 5, n.3, citing Evans v. Metrish, No. 06-13660, 2008 W.L. 3200002 (E.D. Mich. Aug. 6, 2008). The local rules require an unrepresented party to advise the Court and the parties of his current address:

> [E]very party not represented by an attorney must include his or her contact information consisting of his or her address, e-mail address, and telephone number on the first paper that person files in a case. If there is a change in the contact information, that person promptly must file and serve a notice with the new contact information. The failure to file promptly current contact information may subject that person or party to appropriate sanctions, which may include dismissal, default judgment, and costs.

E.D. Mich. LR 11.2. Plaintiff cannot argue that he did not understand his responsibility to keep his contact information current, because he was sent a specific notice from the Court that he must do so (Dkt. 16), which notice was not returned as "undeliverable." Furthermore, it is clear that Plaintiff understood that responsibility, because he actually filed a notice of change of address on October 8, 2010 (Dkt. 23), listing the address to which the R&R and CMS motion were sent.[1] No further change of address was ever filed by Plaintiff.

---

[1] The certificate of service for the CMS motion specifically recites Plaintiff's address, while the certificate of service for the Ash motion recites more generically the document was served upon "the parties and/or counsel of record" without identifying a specific address.

Plaintiff has not shown good cause with respect his request for an enlargement of time to object to the R&R or satisfied the excusable neglect standard with respect to his request for an enlargement of time to answer the dispositive motions. The delay in this case was principally traceable to Plaintiff and entirely within his control. Not only did Plaintiff fail to keep his contact information current, in violation of the local rule, he apparently failed to review the docket to determine what might be transpiring in the case that he had filed. The dispositive motions were filed in November 2010 – some eight months before the R&R was ultimately issued. Even taking into account Plaintiff's alleged accident and hospitalization in November 2010, Plaintiff fails to explain why he did not check the docket over those many months while the dispositive motions remained pending. Neglect that surely is, but "excusable neglect," within the meaning of Fed. R. Civ. P. 6(b), it surely is not.

Plaintiff's argument that he should be granted an enlargement of time because CMS was given additional time to file responsive pleadings is a complete non-sequitur. CMS was haled into court, which prompted it to devote sufficient time to conduct an investigation as to its defenses. Plaintiff, on the other hand, initiated this lawsuit, presumably armed with the facts, if any there were, that would support his claim, and should have been prepared – if he were acting diligently – to present those facts to forestall entry of summary judgment against him. There is no principle of "measure for measure" that would justify granting Plaintiff more time simply because another party at a much earlier stage of the case was granted more time to prepare an entirely different pleading.

Furthermore, the flimsiness of Plaintiff's argument in support of his enlargement motion draws into question his good faith, and granting it would prejudice the opposing parties by delaying their day of judgment. Granting enlargement would also impede the Court's in the

prompt adjudication of this case, which should not be thwarted because of Plaintiff's lethargic approach to the litigation.

In sum, Plaintiff has failed to offer sufficient and substantiated facts satisfying the good cause and excusable neglect standards of Fed. R. Civ. P. 6(b) so as to justify an enlargement of time to answer the dispositive motions and to file objections to the R&R.

### II.     Conclusion

For the above reasons, the Court ORDERS as follows:

1. The R&R (Dkt. 35) is adopted. Defendant CMS's motion for summary judgment (Dkt. 25) is granted. Defendant Ash's motion to dismiss and/or for summary judgment (Dkt. 29) is granted. The claims against CMS and Ash are dismissed with prejudice.

2. Plaintiff's motion for enlargement of time to answer the CMS and Ash motions and to file objections to the R&R (Dkt. 37) is denied.

SO ORDERED.

Dated: August 31, 2011  s/Mark A. Goldsmith
Flint, Michigan  MARK A. GOLDSMITH
  United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 31, 2011.

  s/Deborah J. Goltz
  DEBORAH J. GOLTZ
  Case Manager